Ousmane v. Holder

BIA
Verrillo, IJ
A098 857 780

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand fourteen.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
_Circuit Judges._

_____

FOULERA OUSMANE,

_Petitioner,_

v.                                                    13-528
                                                      NAC

ERIC H. HOLDER, JR., UNITED
STATES ATTORNEY GENERAL,

_Respondent._

_____

FOR PETITIONER:        Foulera Ousmane, _pro se_, Bronx, New York.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Matthew Connelly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Foulera Ousmane, a native and citizen of Togo, seeks review of a January 15, 2013, decision of the BIA affirming the November 3, 2010, decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Foulera Ousmane*, No. A098 857 780 (B.I.A. Jan 15, 2013), *aff'g* No. A098 857 780 (Immig. Ct. Hartford Nov. 3, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8

2

U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We conclude that the inconsistencies cited by the agency provide substantial evidence to support the adverse credibility determination. For asylum applications like Ousmane's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer therefore to [the agency's] credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The agency reasonably based its adverse credibility determination on the inconsistencies between Ousmane's testimony and asylum application. A comparison shows discrepancies regarding the circumstances surrounding her and her husband's arrest in Togo, the year of that arrest, and the birth dates of her daughters, all of which call into question her sole allegation of past harm–the arrest and detention of herself and her husband.

3

Accordingly, the inconsistencies provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Moreover, the agency was not required to credit her explanation that she was nervous, as she was asked to explain her inconsistencies and her answers were themselves inconsistent. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). She did not subsequently clarify her testimony. Because her claims for asylum, withholding of removal, and CAT relief rely on the same factual predicate, the adverse credibility determination is dispositive. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4